**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHARLES BRUCE WHITE,

  Petitioner-Appellant,

v.

FRANK KELLEY, Attorney General
for the State of Michigan,

  Respondent-Appellee.

No. 00-1033
(D.C. No. 97-N-1369)
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Charles Bruce White, *pro se*, appeals from the district court's dismissal with prejudice of his habeas petition brought pursuant to 28 U.S.C. § 2241. At the time Mr. White filed his habeas petition, he was in federal custody. He challenged the execution of a state sentence he was concurrently serving with his federal sentence. Because his appeal challenges a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," 28 U.S.C. § 2253(c)(1)(A), Mr. White must obtain a certificate of appealability (COA) before we may review the denial of his § 2241 petition, *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a COA under § 2253(c), a habeas petitioner must make "a substantial showing of the denial of a constitutional right." This showing requires a demonstration "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, ___, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). We conclude that Mr. White has failed to make the required showing; therefore we deny his application for a COA and dismiss the appeal.

Mr. White was serving state sentences for 1984 convictions for armed robbery and criminal sexual conduct in Michigan when, in 1989, he escaped from state prison. He kidnapped an individual before being recaptured. He was

convicted in April 1990 in Michigan on state escape charges and sentenced to an additional term to be served at the conclusion of his 1984 state sentences. In August 1990 the state released him to federal authorities in the Eastern District of Michigan for prosecution on a federal kidnapping charge. After conviction on the federal charge, he was sentenced to serve 121 months followed by three years of supervised release and was incarcerated at federal penitentiaries in Leavenworth, Kansas, and then in Florence, Colorado. The federal and state sentences were to be served concurrently, and Michigan filed a detainer requesting his return to Michigan to finish serving his lengthier state sentences upon completion of his federal sentence.

In June 1997 Mr. White filed this habeas petition challenging execution of his state sentences, alleging that (1) the state of Michigan "relinquished" its right to detain him further after his federal sentence was completed by transferring him to the federal bureau of prisons to serve his federal sentence before he had completed his state sentences; (2) he was denied an opportunity for yearly state parole hearings in violation of his due process rights because of his federal incarceration; and (3) the Michigan detainer was illegal because it prevented his participation in the federal supervised release program upon completion of his federal sentence.

In December 1998 the state took Mr. White back to Michigan to complete his 1984 and 1990 state sentences, and he claims that he is entitled to release from state incarceration. In December 1999 a magistrate judge recommended denying his habeas petition. R. Doc. 72. Even though it had received no objections from Mr. White within the prescribed time limit, the district court conducted a *de novo* review of the issues, the record, and the recommendations, adopted the report and recommendations, and denied the petition. Mr. White complains that he had not received the report and recommendations in time to file timely objections and requests that we consider his objections on appeal. Although we have adopted a firm waiver rule in this circuit, it "need not be applied when the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We find persuasive Mr. White's claims that he did not timely receive the report and consider Mr. White's objections in our determination of whether a COA should issue.

We have also thoroughly reviewed Mr. White's application for a COA, the magistrate judge's December 20, 1999, report and recommendations, the district court's order adopting that report and recommendations, and the entire record before us. For substantially the same reasons set forth in the December 20, 1999, report and recommendations, we conclude that Mr. White has failed to demonstrate that reasonable jurists could debate whether his petition should have

-4-

been resolved in a different manner or that the issues he presented were adequate to deserve encouragement to proceed further. *See Slack*, 120 S. Ct. at 1603-04. The statutory and case law Mr. White cites does not raise any serious question whether the district court properly decided the issues before it, as those authorities are either inapplicable or without precedential value. His subjective legal conclusions are simply wrong. Further, the facts that the magistrate judge did not issue her report and recommendations until four months after the date requested by the district court and that the district court delayed in ruling on certain of his many motions does not raise constitutional violations, nor are those claims relative to the execution of his state sentences.

Finally, Mr. White claims that a COA should issue, the district court should be reversed, and he should be released from state incarceration because the district court allegedly erred in refusing to enforce a clause in a show cause order dated July 20, 1997. This order required Michigan to respond to his habeas petition and stated that "Petitioner shall remain in custody and within the jurisdiction of this Court until further order." R. Doc. 4. He claims that this language prohibited Michigan from retaking custody of him after completion of his federal imprisonment. Again, Mr. White is not only wrong, but he raises no substantial question of the denial of a constitutional right. The clause simply prevents a habeas petitioner from being released from incarceration pending

resolution of his habeas petition; it does not prohibit transfers between state and federal facilities pursuant to valid detainer warrants. The district court properly maintained jurisdiction to decide the habeas petition after Mr. White's transfer to state custody.

Mr. White's application for COA is **DENIED** and the appeal is **DISMISSED.** All outstanding motions are denied. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge